IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 18, 2020

## ROBERT WAYNE GARNER v. GRADY PERRY, WARDEN

**Appeal from the Circuit Court for Giles County**
**No. CR-14912     Stella L. Hargrove, Judge**

_____

### No. M2019-001349-CCA-R3-HC

_____

The Petitioner, Robert Wayne Garner, appeals as of right from the Giles County Circuit Court's summary dismissal of his petition for writ of habeas corpus, in which he contended that his life sentence for his first degree felony murder was illegal because the statute governing his release eligibility does not allow for the possibility of parole. The Petitioner contends that the petition stated a cognizable claim for habeas corpus relief. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Robert Wayne Garner, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Brent C. Cherry, Senior Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner is currently serving a total effective sentence of life imprisonment plus twenty-five years for his convictions for first degree felony murder, aggravated arson, and theft of property valued at $10,000 or more but less than $60,000. See Tenn. Code Ann. §§ 39-13-202; -14-103, -14-105, -14-302. These convictions were the result of the brutal January 19, 2010 murder of Brenda Wilburn, who was assaulted, bound, and gagged before her house was burned down around her. See State v. Robert Wayne Garner, No. M2011-02581-CCA-R3-CD, 2013 WL 5461099 (Tenn. Crim. App. Sept. 30, 2013), perm. app. denied (Tenn. Feb. 12, 2014) (designated not for citation[1]).

_____

[1] We acknowledge that the opinion from this court on direct appeal has been designated as not for citation

On May 23, 2019, the Petitioner filed a petition for writ of habeas corpus, alleging that his first degree murder conviction was void and that his life sentence was illegal. He submitted that his life sentence included a release eligibility date, which indicated it was imposed in accordance with Tennessee Code Annotated section 40-35-501(h)(1), but that any release eligibility for his crime, committed after July 1, 1995, was statutorily prohibited by Tennessee Code Annotated section 40-35-501(i)(1). The Petitioner extrapolated that a life sentence did not exist under the current statutory sentencing scheme.

On July 15, 2019,[2] the habeas corpus court entered a written order summarily dismissing the petition for failing to state a cognizable habeas corpus claim. This timely appeal followed.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and, thus, void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers, 212 S.W.3d at 262.

---

by our supreme court. Citation to this court's opinion is solely for historical and procedural context, and we place no reliance on the reasoning or rationale contained therein.

[2] The order incorrectly reflects an entry date of July 15, 2015. It is clear from the file-stamped date and the entire record that this is a typographical error.

On appeal, the Petitioner asserts that he is entitled to habeas corpus relief because "his life imprisonment sentence contains a release eligibility date where early release is statutorily prohibited." According to the Petitioner, "[t]he sentence of life that remains on [his] judgment order is because Tenn[essee] Code Ann[otated] [section] 40-35-501(h) has not been repealed because there are some still sentenced under that statute," but his sentence that includes possible release eligibility "is in direct contravention of Tenn[essee] Code Ann[otated] [section] 40-35-501(i)." He notes that on July 1, 1995, Tennessee Code Annotated section 40-35-501(i) "became effective and removed the possibility of parole for a life sentence resulting from a conviction of first degree murder," but his judgment form still "reflects a sentence of life, . . . which is not authorized by statute" for his crime committed in 2010. The Petitioner submits that a life sentence has been "repealed by implication" with the addition of Code section 40-35-501(i). In summary, the Petitioner's primary complaint is that his life sentence does not exist under the present statutory scheme because no parole is permitted by Tennessee Code Annotated section 40-35-501(i), and therefore, his sentence is illegal.

We agree with the habeas corpus court that the Petitioner has failed to state a cognizable claim for relief. First, we observe that regarding release eligibility, both the "Violent 100%" and the "1st Degree Murder" boxes are checked on the Petitioner's judgment form. In addition, the Petitioner's sentence length is marked as "life," and the judgment form does not specifically reference either subsection (h) or (i) of Code section 40-35-501.

When the Petitioner killed Brenda Wilburn in January of 2010, three punishments were authorized for the crime of first degree murder, those being death, imprisonment for life without possibility of parole, or imprisonment for life. See Tenn. Code Ann. § 39-13-202(c). The Petitioner was sentenced to imprisonment for life.

Simply because the Petitioner received a sentence of life imprisonment does not mean that he was sentenced in accordance with subsection (h). For offenses committed before July 1, 1995, Tennessee Code Annotated section 40-35-501(h)(1) governs release eligibility and parole for defendants convicted of first degree murder and sentenced to life imprisonment. See Vaughn v. State, 202 S.W.3d 106, 118 (Tenn. 2006). For offenses committed on or after July 1, 1995, such as the offense committed by the Petitioner, Tennessee Code Annotated section 40-35-501(i)(1) governs release eligibility for defendants convicted of first degree murder and sentenced to life imprisonment. Subsection (i)(1) provides,

> There shall be no release eligibility for a person committing [murder in the first degree] on or after July 1, 1995 . . . . The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits

authorized by § 41-21-236 or any other provision of the law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

In Jerry D. Carney, II v. Dwight Barbee, Warden, the petitioner took issue with the conflicting provisions of subsections (h) and (i) of Code section 40-35-501. No. W2011-01977-CCA-R3-HC, 2012 WL 5355665 (Tenn. Crim. App. Oct. 31, 2012). Specifically, the petitioner in Carney asserted that his sentence was illegal "because the 'statutory sentencing scheme contained in T[ennessee] C[ode] A[nnotated section] 40-35-501(i)(1) & (2) . . . does not provide for the possibility of parole upon a defendant being sentenced to imprisonment for life.'" Id. at *1. The petitioner argued that Code section 40-35-501(i) "does away with any release eligibility" for a defendant convicted of first degree murder. Id. The Carney court rejected the petitioner's assertion that he had in fact received, in effect, a sentence of life imprisonment without the possibility of parole when his judgment stated that he had been sentenced only to imprisonment for life. Id. at *3-4. In so holding, the Carney court reasoned that while a defendant convicted of first degree murder must serve 100% of a sentence of life imprisonment, the defendant is "entitle[d] to release eligibility . . . after serving sixty years, the equivalent of a life sentence for the purpose of calculating release eligibility," less any sentence reduction credits up to 15% or nine years. Id. at *4 (quoting Tenn. Op. Att'y Gen. No. 97-098 (1997)); see Vaughn, 202 S.W.3d at 118-19.

In State v. Robert Guerrero, the petitioner argued his sentence was illegal because his two life sentences, which required 100% service of sixty years' confinement less sentencing credits up to 15%, "were tantamount to life sentences without the eligibility or possibility of parole." No. M2014-01669-CCA-R3-CD, 2015 WL 2208546, at *1 (Tenn. Crim. App. May 11, 2015). In rejecting the petitioner's argument that his life imprisonment sentences were illegal, the Guerrero court reasoned,

> [I]t appears [the petitioner] believes that he was sentenced to life imprisonment with the possibility of parole, but our statutes do not contain that terminology. See T[enn.] C[ode] A[nn.] § 39-13-202(c)(1)-(3) (stating the possible punishment for first degree murder includes death, life imprisonment without the possibility of parole, and life imprisonment). . . . The life imprisonment sentences imposed do not entitle the [petitioner] to parole; however, Tennessee statutes permit release from confinement after serving fifty-one years. See [Tenn. Code Ann.] § 40-35-501(i)(1). In comparison, defendants sentenced to life imprisonment without the possibility of parole are not eligible for release from confinement. See [Tenn. Code Ann.] § 40-35-501(g). As a result, the life imprisonment sentences imposed by the trial court are not the equivalent to life imprisonment without the possibility of parole and are not in direct contravention of any statute.

Id. at *3 (emphasis omitted). See also Blake v. State, No. W2015-01423-CCA-R3-PC, 2016 WL 4060696, at *11 (Tenn. Crim. App. July 27, 2016); Motley v. Lester, No. W2014-00355-CCA-R3-HC, 2015 WL 847414, at *2 (Tenn. Crim. App. Jan. 30, 2015); Daniel Lee Draper v. Cherry Lindamood, Warden, No. W2013-01030-CCA-R3-HC, 2014 WL 465723, at *3 (Tenn. Crim. App. Jan. 31, 2014).

Contrary to the Petitioner's assertion his life sentence was authorized by Tennessee law in 2011, and it is still authorized by Tennessee law today. His release eligibility is governed by subsection (i).

Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition. The judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE